United States District Court
Southern District of Texas

**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUCIA CONTRERAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03634 |
| | § | |
| ETHICON INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

This is a personal injury suit representing one of innumerable cases filed against the defendants, Ethicon, Inc., and Johnson & Johnson ("Ethicon") by individuals making claims in tort, product liability and fraud arising out of the implantation of two medical devices – the Prolift Mesh and TVT-OSLING. The plaintiffs are two of those who filed suit.

**II.**

Previously, Ethicon filed a motion for summary judgment on Count II of the named plaintiffs, Lucia Contreras and Conrado Contreras and the Court granted Ethicon's motion, thereby dismissing the plaintiffs' claims under Count II (Strict Liability, Manufacturing Defect), Count IV (Strict Liability – Defective Product); Count VI (Common Law Fraud); Count VII (Fraudulent Concealment); Count VII (Constructive Fraud); Count XI (Breach of Express Warrant7); and County XII (Breach of Implied Warranty). *See* [DE 89]. After these dismissals, the following claims remained: Count I (Negligence); Count III (Strict Liability-Failure to Warn); Count V (Strict Liability-Design Defect); Count IX (Negligent Misrepresentation); Count XIV (Gross

1 / 4

Negligence); Count XVI (Loss of Consortium); Count XII (Punitive Damages); and, Count XVIII (Discovery Rule and Tolling). *See* [DE 1]

The Court then set the case for docket call only to receive the plaintiffs and their attorney's request that they attorney be removed as counsel due to a conflict between them that could not be resolved. In that light, the Court permitted the withdrawal of counsel and stayed the case on the plaintiffs' assurance that they would employ new counsel [DE 97]. Although the plaintiffs were permitted 90 days to do so, to this date, they have not obtained new counsel and do not intend to do so.

In a documented telephonic conference conducted on October ____, 2023, the Court discovered that Mr. Contreras was insistent that he would act as counsel for himself and his wife and present the case to a jury. In spite of Mr. Contreras' educational accomplishments, the Court concluded that he is incapable of presenting the case to a jury and has failed to raise a disputed fact issue concerning any of their claims that would bar entry of a summary judgment.

### III.

Summary judgment is appropriate where the filings and the record show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)). The court must construe "all facts and inferences . . . in the light most favorable to the nonmoving party." *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying where the

record "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets its burden, the burden shifts to the nonmovant to "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003).

**IV.**

In each of the plaintiffs' claims, the plaintiffs are obligated to establish a disputed fact issue in the evidence in order to avoid a summary judgment.  They have failed to do so.

In order to establish a failure to warn, the plaintiffs must show, by expert evidence, that the warning was defective and that the failure to warn was a producing cause of the plaintiffs' injuries. *Ackermann v. Wyeth Pharm.,* 526 F.3d 203, 208 (5th Cir. 2008).  The plaintiffs have failed and refused to designate an expert on this subject and, therefore; cannot meet their burden on this claim. While the plaintiffs, personally, may not have understood the reality of the risks, undisputed evidence shows that, to the extent of the information available at the time and in the context of the physician-patient relationship, the plaintiffs were warned of the products' potential risks.  Because the plaintiffs were made aware of the risks involved, they cannot now say they were not fully warned by their physician.  *See Centocor, Inc., v. Hamilton*, 372 S.W.2d 140, 157-59 (Tex. 2012). The learned intermediary doctrine applies.

In order to avoid a summary judgment in their design defect claim, the plaintiffs must show, by expert evidence, that the product was defectively designed; a safer alternative existed at the time; and, the defect was the producing cause of the injuries complained about.  *Timpte Indus. Inc. v. Gish*, 286 S.W. 3d 306, 311 (Tex. 2009).  The plaintiffs have not proffered proof that the product

was defectively designed or that a safer product was on the market at the time of her surgery in 2013. Therefore, this claim should be dismissed.

In like manner, the plaintiffs' negligent misrepresentation, loss of consortium, gross negligence, punitive damages, discovery rule and tolling claims fails because they are derivative of the warning and design claims and cannot be established because of the plaintiffs' inability to prevail on their failure to warn and design defect claims.

Finally, Mr. Contreras cannot declare himself to be an expert and give testimony concerning the failure to warn and design defect claims. *See* [DE 116, Response at p. 4, para 2 and following). As well, the time has long since passed for discovery in this case particularly experts who may give testimony concern any failure to warn and design defect issues. Hence, the Court concludes that, were the case to be tried, the plaintiffs cannot present any evidence to a jury on the pertinent issues. Therefore, Ethicon Inc., and Johnson and Johnson's motion for summary judgment should be, and, it is hereby, Granted.

It is so Ordered.

SIGNED on November 9, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge